No.24-50717

# In the United States Court of Appeals for the Fifth Circuit

State of Texas,

*Plaintiff-Appellant,*

*v.*

Kristi Noem, Secretary, U.S. Department of Homeland Security; United States Department of Homeland Security; Pamela Bondi, U.S. Attorney General; United States Department of Justice,

*Defendants-Appellees.*

On Appeal from the United States District Court for the Western District of Texas, Del Rio Division

### PLAINTIFF'S SUGGESTION OF MOOTNESS AND MOTION TO VACATE THE ORDER BELOW AND REMAND WITH INSTRUCTIONS TO DISMISS THE CASE AS MOOT

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division Texas
State Bar No. 24060998
Ryan.Kercher@oag.texas.gov

OFFICE OF THE
TEXAS ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548

# TABLE OF CONTENTS

Table of Authorities.................................................................................................iii

Introduction.............................................................................................................1

Background...............................................................................................................1

Argument..................................................................................................................3

   I.   This appeal is now moot. ...............................................................................3

   II.  Because the case is moot, the action must be dismissed. ................................4

   III. Because this case became moot before it could be fully litigated on the merits, this Court should also vacate the District Court's judgment under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). .........................5

      A.  Equitable factors favor vacatur. .............................................................5

         1.    Plaintiff did not cause the mootness. ................................................6

         2.    Public interest supports vacatur. .......................................................8

         3.    The remaining equitable considerations also favor vacatur. ..............9

Conclusion................................................................................................................9

Certificate of Conference........................................................................................10

Certificate of Service .............................................................................................10

Certificate of Compliance .......................................................................................10

# TABLE OF AUTHORITIES

## Cases

*Am. Bar Ass'n v. FTC*,
   636 F.3d 641 (D.C. Cir. 2011) ................................................................7

*Arizonans for Official English v. Arizona*,
   520 U.S. 43 (1997) ...............................................................................6

*AT&T Commc'ns of Sw., Inc. v. City of Austin*,
   235 F.3d 241 (5th Cir. 2000) .................................................................7

*Bd. of Trs. of Glazing Health Welfare Tr. v. Chambers*,
   941 F.3d 1195 (9th Cir. 2019) (en banc) ...............................................7

*Calderon v. Moore*,
   518 U.S. 149 (1996) (per curiam) .........................................................4

*Freedom From Religion Foundation, Inc. v. Abbott*,
   58 F.4th 824 (5th Cir. 2023) .............................................................6, 9

*Genesis Healthcare Corp. v. Symcyzk*,
   569 U.S. 66 (2013) ...............................................................................4

*Goldin v. Bartholow*,
   166 F.3d 710 (5th Cir. 1999) .............................................................4, 5

*Jimenez v. Lumpkin*,
   No. 19-51083, 2023 WL 4499874 (5th Cir. July 10, 2023) ...................6

*Lewis v. Cont'l Bank Corp.*,
   494 U.S. 472 (1990) ..........................................................................3, 4

*Motient Corp. v. Dondero*,
   529 F.3d 532 (5th Cir. 2008) .............................................................3, 4

*Nat'l Black Police Ass'n v. D.C.*,
   108 F.3d 346 (D.C. Cir. 1997) ..............................................................8

*Shoemate v. Miss. Dep't of Corr.*,
   668 F.Appx. 124 (5th Cir. 2016) ...........................................................7

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
    513 U.S. 18 (1994) ......................................................................... 5, 6, 7

*United States v. Microsoft Corp.*, 584 U.S. 236 (2018) .................................... 7

*United States v. Munsingwear, Inc.*,
    340 U.S. 36 (1950) ............................................................................. 5

**Constitutional Provisions**

U.S. Const. art. III, § 2 ....................................................................... 3

**Statutes**

5 U.S.C. § 706(2)(A) ........................................................................... 2

5 U.S.C. § 706(2)(C) ........................................................................... 2

90 Fed. Reg. 8467 (Jan. 20, 2025) ............................................................. 1

Fed. R. App. P. 27 ........................................................................... 1, 2

## Introduction

President Trump on January 20, 2025, signed an Executive Order entitled "Securing Our Borders." See Ex. A, Exec. Order No. 14,165, 90 Fed. Reg. 8467 (Jan. 20, 2025) (Executive Order). The Executive Order, among other things, ceased all use of the CPB One app that allowed asylum seekers to schedule appointments to be lawfully processed by U.S. Ports of Entry (POEs) and cancelled all existing appointments immediately. Thus, the ability for noncitizens to lawfully travel to the United States without proper documentation and avoid the rebuttable presumption of asylum ineligibility when using the CBP One app is no longer available. Because the Executive Order terminated the activities challenged by Plaintiff in this lawsuit, this case has become moot.

In accordance with Federal Rule of Appellate Procedure 27 and federal law, Plaintiff respectfully moves this Court to vacate the District Court's order of dismissal of Plaintiff's First Amended Complaint, below, remand to the District Court with instructions to dismiss the case as moot, and dismiss this appeal.

## Background

In this lawsuit, Plaintiff challenges the Final Rule's exception to the rebuttable presumption of asylum ineligibility of migrants who traveled through a country other than their own before crossing the southwest border. ROA.436-61. Plaintiff claims this exception grants immigration relief in violation of the Immigration Nationality

1

Act ("INA") to hundreds of migrants to whom DHS would otherwise deny entry into the United States. *Id.*

Plaintiff's suit brings three claims. *First*, that the Final Rule's exception from the presumption of ineligibility for asylum exceeds statutory authority and is not in accordance with the law under 5 U.S.C. § 706(2)(A), (C). ROA.451. *Second*, the Final Rule's exception to the presumption of ineligibility is arbitrary and capricious under 5 U.S.C. § 706(2)(A). ROA.455. *Third*, defendants' use and implementation of the "DHS Scheduling System" is ultra vires. ROA.457.

On August 5, 2024, the District Court entered an Amended Memorandum Opinion and Order thereby dismissing Plaintiff's First Amended Complaint for lack of Article III standing. ROA.732–45. Plaintiff filed a timely notice of appeal from that order on September 3, 2024. ROA.746–47.

Because the Executive Order terminated the exception to the Final Rule—the exception to asylum ineligibility for migrants who schedule appointments using the CBP One app—there is no case or controversy. Accordingly, Plaintiff moves this Court to vacate the District Court's order of dismissal and remand with instructions to dismiss this case as moot.

## ARGUMENT

### I.   This appeal is now moot.

Because the Executive Order is now in effect, Plaintiff can no longer allege any plausible injury from the challenged exception to the Final Rule. Consistent with established practice, this Court should vacate the District Court's order dismissing Plaintiff's First Amended Complaint and remand with instructions to dismiss the case.

Under the U.S. Constitution, the judicial power extends only to "Cases" and "Controversies." U.S. Const. art. III, § 2. For a lawsuit to be justiciable, "[a]n actual case or controversy must exist at every stage in the judicial process." *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008); *see Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.").

A case becomes moot if "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Motient Corp.*, 529 F.3d at 537. That is because the Constitution "denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantial controversies admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Lewis*, 494 U.S.

at 477 (internal citations omitted). Federal courts thus "cannot give opinions on 'moot questions or abstract propositions,'" and "an appeal must be dismissed when 'an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatsoever to a prevailing part.'" *Motient Corp.*, 529 F.3d at 537 (quoting *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam)).

Under these principles, this appeal became moot upon entry of the Executive Order, which ceased all use of the CFB One mobile application that is challenged by Plaintiff in this lawsuit, thereby eliminating the injuries that plaintiff alleged. As such, Plaintiff now "lack[s] a legally cognizable interest in the outcome" of the case, and the case is moot." *Motient Corp.*, 529 F.3d at 537.

## II. Because the case is moot, the action must be dismissed.

And where, as here, a case is mooted by "an intervening circumstance" that "deprives the plaintiff[s] of a personal stake in the outcome," the action can no longer proceed and must be dismissed." *Genesis Healthcare Corp. v. Symcyzk*, 569 U.S. 66, 72 (2013) (internal quotations omitted); *e.g. Goldin v. Bartholow*, 166 F.3d 710, 718 (5th Cir. 1999) ("If a case becomes moot on appeal, the general rule is still to vacate the judgment of the lower court and remand with instructions to dismiss the case as moot."). This Court should therefore remand and instruct the District Court to dismiss the case as moot.

**III. Because this case became moot before it could be fully litigated on the merits, this Court should also vacate the District Court's judgment under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).**

In *Munsingwear*, the Supreme Court described the established practice in civil cases that become moot on appeal, stating that where, as here, a "civil case from a court in the federal system . . . has become moot while on its way [to an appellate court] or pending [a] decision on the merits," the duty of the appellate court is to "reverse or vacate the judgment below and remand with a direction to dismiss" to avoid collateral effects. 340 U.S. at 39. That practice "prevent[s] a judgment, unreviewable because of mootness, from spawning any legal consequences." *Munsingwear,* 340 U.S. at 41. The "*Munsingwear* doctrine is an equitable one," which "avoid[s] the unfairness of a party's being denied the power to appeal an unfavorable judgment by factors beyond its control." *Goldin*, 166 F.3d at 719. "[T]he determination" to vacate should be made "in a manner most consonant to justice" and "in view of the nature and character of the conditions which have caused the case to become moot." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24 (1994) (internal citations omitted).

**A. Equitable factors favor vacatur.**

In deciding whether to follow the general rule in a particular case, two equitable considerations are "particularly relevant." *Freedom From Religion*

*Foundation, Inc. v. Abbott*, 58 F.4th 824, 836 (5th Cir. 2023). "First, a court must consider whether the party seeking relief from the judgment below caused the mootness by voluntary action." *Id.* (internal citations omitted). And second, a court must "take account of the public interest," including "the value" of the relevant "judicial precedent[ ]." *Id.* In certain cases, this Court has also considered whether "the action mooting the dispute is temporary" and "whether the party seeking vacatur is subject to a money judgment or any injunctive relief as a result of the district court's judgment." *Id.* (internal citations omitted).

### 1. Plaintiff did not cause the mootness.

The equitable considerations here all weigh in favor of vacatur. First, Plaintiff did not "cause[ ] the mootness by voluntary action"—or otherwise. *Id.* at 836; *see also, e.g., Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) ("Vacatur is in order when mootness occurs through happenstance—circumstances not attributable to the parties."). Rather, Plaintiff's claims were mooted by the Executive Order, which abolished the use of the CFB One mobile application. The "principal condition" for vacatur—"whether the party seeking relief from the judgment below caused the mootness by voluntary action"—thus straightforwardly favors vacatur. *U.S. Bancorp Mortg.*, 513 U.S. at 24; *see Jimenez v. Lumpkin*, No. 19-51083, 2023 WL 4499874, at *1 (5th Cir. July 10, 2023) ("equity favors vacating the

district court's opinion and judgment" where "[a]ny mootness was not caused by any voluntary action done by Texas."). Indeed, courts regularly order vacatur where, as here, a case was mooted by intervening changes in the regulation or law. *E.g., U.S. Bancorp Mortg. Co.*, 513 U.S. at 25 n.3 ("The suit for injunctive relief in *Munsingwear* became moot on appeal because the regulations sought to be enforced by the United States were annulled by Executive Order"); *United States v. Microsoft Corp.*, 584 U.S. 236 (2018) (remanding with instructions to vacate where intervening changes in operative law rendered further review moot); *Bd. of Trs. of Glazing Health Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199-1200 (9th Cir. 2019) (en banc) (remanding with instructions to vacate because "[n]o live controversy remain[ed]" following a legislative repeal)*; Shoemate v. Miss. Dep't of Corr.*, 668 F.Appx. 124, 125 (5th Cir. 2016) ("[v]acatur [was] appropriate" where intervening amendment to Mississippi law meant there was no longer any "case or controversy"); *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 649 (D.C. Cir. 2011) (ordering vacatur where intervening congressional enactment rendered case moot); *AT&T Commc'ns of Sw., Inc. v. City of Austin*, 235 F.3d 241, 244 (5th Cir. 2000) (ordering vacatur where "[Texas] House Bill 1777," "and not [the defendant's] responses to it," "caused th[e] case to become moot"); *Nat'l Black Police Ass'n v. D.C.*, 108 F.3d 346, 353–54 (D.C. Cir.

1997) ("[T]he general rule in favor of vacatur . . . applies" "when legislative action moots a case and the government seeks vacatur.").

### 2. Public interest supports vacatur.

Public interest strongly supports vacatur. The District Court respectfully erred in its single paragraph of analysis when granting Appellees' motion to dismiss under Rule 12(b)(6).

Once in Texas, the otherwise inadmissible aliens at issue in this case compound Texas's burden to provide healthcare, education, and law enforcement services to aliens present within its borders. Texas contains more than half of the border between the United States and Mexico, including five ports of entry: Brownsville, El Paso, Eagle Pass, Hidalgo, and Laredo. ROA.448. The Final Rule, and its use of the CBP One app, invite illegal aliens into Texas and inflict injuries and costs on the State, including for public education, law enforcement and incarceration, unreimbursed health care, and other public services for illegal aliens. ROA.448.

Without this Court's intervention, Plaintiff, the party seeking vacatur that did not cause the executive action that mooted this appeal, could be prevented from challenging federal immigration policies and rules that injure Texas in the future based on the District Court's ruling.

3. **The remaining equitable considerations also favor vacatur.**

There is no indication that the Executive Order is temporary. *Freedom See From Religion*, 58 F.4th at 836. Furthermore, Plaintiff is not subject to a mandatory judgment or any injunctive relief as a result of the District Court's order of dismissal. *See id.*

## CONCLUSION

This Court should vacate the district court's order below, remand to the district court with instructions to dismiss the case as moot, and dismiss this appeal.

Dated: April 21, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

Respectfully submitted,

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Chief, Special Litigation Division
Texas State Bar No. 24060998
Ryan.Kercher@oag.texas.gov

OFFICE OF THE
TEXAS ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700

COUNSEL FOR APPELLANT

## CERTIFICATE OF CONFERENCE

On April 21, 2025, Counsel for Plaintiff conferred with counsel for Defendants on this motion. *See* Fifth Circuit Rule 27.4. Counsel for Defendants expressly indicate that the government takes no position on the motion.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Chief, Special Litigation Division

## CERTIFICATE OF SERVICE

On April 21, 2025, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Chief, Special Litigation Division

## CERTIFICATE OF COMPLIANCE

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains **1,853** words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Chief, Special Litigation Division