# No. 24-50717

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

State of Texas,

*Plaintiff-Appellant*,

v.

Kristi Noem, Secretary, U.S. Department of Homeland Security; United States Department of Homeland Security; Pamela Bondi, U.S. Attorney General; United States Department of Justice,

*Defendants-Appellees*,

On Appeal from the United States District Court
for the Western District of Texas, Case No. 2:23-cv-00024

## RESPONSE TO PLAINTIFFS' SUGGESTION OF MOOTNESS AND MOTION TO VACATE ORDER BELOW AND REMAND WITH INSTRUCTIONS TO DISMISS THE CASE AS MOOT (DOC. 45) AND MOTION TO POSTPONE ORAL ARGUMENT (DOC. 46)

| | |
|---|---|
| YAAKOV M. ROTH | CHRISTINA P. GREER |
| *Acting Assistant Attorney General* | *Senior Litigation Counsel* |
| | KATHERINE J. SHINNERS |
| ANTHONY NICASTRO | *Senior Litigation Counsel* |
| *Acting Director* | U.S. Department of Justice, Civil Division |
| BRIAN C. WARD | Office of Immigration Litigation, |
| *Acting Assistant Director* | General Litigation and Appeals Section |
| | P.O. Box 878, Ben Franklin Station |
| | Washington, DC 20044 |

BACKGROUND

Plaintiff-Appellant, the State of Texas ("Texas"), brought this action against the rule titled *Circumvention of Lawful Pathways,* 88 Fed. Reg. 31314 (May 16, 2023) ("the CLP Rule"). The CLP Rule imposes a rebuttable presumption of asylum ineligibility on certain aliens who enter the United States across the southwest land border or adjacent coastal borders between May 11, 2023, and May 11, 2025. 8 C.F.R. §§ 208.33(a)(1)(i), 1208.33(a)(1)(i). Texas challenged the CLP Rule's exception to the presumption of asylum ineligibility for those aliens who made an appointment to present themselves at a land port of entry through the then-existing Department of Homeland Security scheduling system, known as "CBP One." *See* 8 C.F.R. §§ 208.33(a)(2)(ii)(B), 1208.33(a)(2)(ii)(B); 88 Fed. Reg. at 31,317; ROA.451, ROA.455, ROA.457, ROA.460. That appointment exception excepted from the presumption aliens, or members of their family with whom they were traveling, who "[p]resented at a port of entry, pursuant to a pre-scheduled time and place, or presented at a port of entry without a pre-scheduled time and place, if the alien demonstrates by a preponderance of the evidence that it was not possible to access or use the DHS scheduling system due to language barrier, illiteracy, significant technical failure, or other ongoing and serious obstacle." 8 C.F.R. §§ 208.33(a)(2)(ii)(B), 1208.33(a)(2)(ii)(B). Texas also challenged the Department of Homeland Security's use and implementation of its "DHS scheduling system" as

*ultra vires* under the APA and the common law. ROA.457–59. The district court dismissed the complaint for lack of Article III standing, *see* ROA.739–45, and Texas appealed.

After briefing was completed in this appeal, the President signed Executive Order No. 14165, *Securing Our Borders,* 90 Fed. Reg. 8467, which, among other things, directed the Secretary of Homeland Security to "take all appropriate action to . . . [c]ease using the 'CBP One' application as a method of paroling or facilitating the entry of otherwise inadmissible aliens into the United States." 90 Fed. Reg. at 8468.

The Court scheduled oral argument for June 3, 2025. Texas subsequently moved to remand this case to the district court with instructions to dismiss the case as moot and for vacatur of the district court's judgment. Doc. 45. Texas separately moved to postpone the oral argument date in light of its suggestion of mootness and a scheduling conflict. Doc. 46. Pursuant to the Court's order, Defendants-Appellees now provide a response to both motions.

## RESPONSE TO SUGGESTION OF MOOTNESS

Texas states that the appeal is moot because, due to the *Securing Our Borders* Executive Order, it can no longer "allege any plausible injury from the challenged exception to the" CLP Rule. Doc. 45 at 3. In response, Defendants-Appellees report that, in accordance with that Executive Order, U.S. Customs and Border Protection

has ceased use of CBP One for aliens to schedule appointments to present themselves at a port of entry. *See* U.S. Customs and Border Protection, *CBP Removes Scheduling Functionality in CBP One™ App* (Jan. 21, 2025), at [https://www.cbp.gov/newsroom/national-media-release/cbp-removes-scheduling-functionality-cbp-one-app](https://www.cbp.gov/newsroom/national-media-release/cbp-removes-scheduling-functionality-cbp-one-app). Defendants-Appellees also report that there is no current scheduling system for aliens to use to make appointments to present themselves at a port of entry.

Additionally, the CLP Rule by its own terms will cease applying to new entrants after May 11, 2025. *See* 8 C.F.R. §§ 208.33(a)(1)(i), 1208.33(a)(1)(i). In a different rule, *Securing the Border*, 89 Fed. Reg. 81,156 (Oct. 7, 2024), the Departments of Homeland Security and Justice requested public comment on extending the CLP Rule's applicability, *see id.* at 81,274–77. The Departments have not published a rule extending the CLP Rule's applicability and have not stated whether they will do so before the CLP Rule's May 11, 2025, end date.

## RESPONSE TO REQUEST FOR REMAND

Defendants-Appellees do not oppose remand to the District Court with instructions to dismiss the case. Alternatively, the Court could continue the oral argument and hold this appeal in abeyance until after May 11, 2025, the current expiration date for the Rule's applicability.

**RESPONSE TO REQUEST FOR VACATUR**

The Government takes no position on Texas's request for vacatur of the district court's judgment under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).

**RESPONSE TO REQUEST TO POSTPONE ORAL ARGUMENT**

In light of the foregoing and Texas's conflict with the current oral argument date, Defendants consent to Texas's request to postpone oral argument for at least sixty days.

| | |
|---|---|
| April 30, 2025 | Respectfully submitted,<br><br>YAAKOV M. ROTH<br>*Acting Assistant Attorney General*<br><br>ANTHONY NICASTRO<br>*Acting Director*<br><br>BRIAN C. WARD<br>*Acting Assistant Director*<br><br>CHRISTINA P. GREER<br>*Senior Litigation Counsel*<br><br><u>*/s/ Katherine J. Shinners*</u><br>KATHERINE J. SHINNERS<br>*Senior Litigation Counsel*<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 878, Ben Franklin Station<br>Washington, DC 20044<br>Tel: (202) 598-8259<br>Email: katherine.j.shinners@usdoj.gov |

# CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 719 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-pt font.

.

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
United States Department of Justice

**CERTIFICATE OF SERVICE**

I certify that on April 30, 2025, I electronically filed this brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                                 */s/ Katherine J. Shinners*
                                                 KATHERINE J. SHINNERS
                                                 United States Department of Justice